**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JUNIOR M. RICKETTS, A#027-024-434**

        Petitioner,

       v.                                                                                    07-CV-0138(Sr)

**CHARLES MULE, Facilities Director**
**Buffalo Federal Detention Facility, et al.,**

        Respondents.

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #8.

Plaintiff commenced this action *pro se*, pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security, Bureau of Immigration and Custom Enforcement ("ICE"), since September 5, 2006. Dkt. #1.

Currently before the Court is petitioner's motion for summary judgment. Dkt. #9. For the following reasons, the motion for summary judgment is denied and the petition is denied.

**BACKGROUND**

On January 9, 1995, petitioner was convicted of illegal entry and harboring aliens in violation of 8 U.S.C. § 1324(a)(1)(D). Petitioner was also convicted of embezzlement of funds from a federally funded government agency, fraud and misuse of an alien registration card and illicit transportation of a minor with the intent to engage in sexual activity in violation of 8 U.S.C. §§ 666(a)(1)(A), 1546 & 2423. Dkt. #1.

The Immigration and Naturalization Service ("INS"), served petitioner with a Notice to Appear on March 26, 1999 and conducted a hearing on September 9, 1999 to consider petitioner's claim of United States citizenship. Dkt. #5, p.10. The Immigration Judge heard testimony from petitioner, a retired INS agent and a Deputy Inspector General for the New York City Department of Investigation. Dkt. #5, pp.11-14 & pp.47-48. In a detailed decision entered November 3, 1999, the Immigration Judge determined that petitioner was a Jamaican citizen who had entered the United States as a visitor pursuant to a Jamaican passport on multiple occasions in 1980 and 1981, subsequently assumed the identity of a United States citizen, Paul Milton Miles, who was the son of a client of petitioner's former employer, and used that identity to obtain a United States passport and then legally changed his name from Paul Milton Miles to Junior Mohammed Ricketts, enabling him to change the name on the United States passport to Junior Mohammed Ricketts. Dkt. #5, pp.10-24. Although the Court will not recount the evidence in great detail, suffice it to say that petitioner was found to be in possession of both a Jamaican and United States passport bearing petitioner's photograph; that Respondent presented a birth certificate for Junior Nathaniel Ricketts

from Jamaica; and that the mother of Paul Milton Miles was unable to identify a photograph of petitioner.  The Immigration Judge rejected petitioner's claim of United States citizenship and ordered his removal to Jamaica.  Dkt. #5, pp.10-20 & 39.  The Order or Removal became final following the decision of the Board of Immigration Appeals dated March 8, 2000.  Dkt. #5, pp.25-28.

Petitioner filed a petition for judicial review of the decision and a request to stay removal in the United States Court of Appeals for the Third Circuit on March 21, 2000.  Dkt. #1; *see* Dkt. #00-3270 at https://ecf.ca3.uscourts.gov/cmecf.

On April 3, 2000, petitioner was removed to Jamaica.  Dkt. #5, p.40.

The Court of Appeals for the Third Circuit issued an Order directing petitioner to show cause why the request for stay should not be dismissed as moot because of his deportation and subsequently terminated the case for default.  *See* Dkt. #00-3270 at https://ecf.ca3.uscourts.gov/cmecf.

Petitioner claims that he was detained in Jamaica until his return to the United States with the assistance of the United States Embassy and the Jamaican government on April 9, 2002.  Dkt. ##1; 7, ¶ 6 & 10, ¶ 3.  Respondent asserts that petitioner re-entered the United States at an unknown date and location.  Dkt. #5, ¶ 6 & p.8, ¶ 7.

On April 22, 2005, while serving a sentence of imprisonment at the Hudson Correctional Facility following his conviction for forgery and grand larceny, petitioner claims that he was interviewed by an agent from the Department of Homeland Security and explained to the agent that he is a citizen of the United States. Dkt. #1; Dkt. #5, pp.8 & 33-38 &50. Respondent claims that petitioner was issued a Notice of Intent/Decision to Reinstate the prior order of removal on this date. Dkt. #5, ¶ 7. A Warrant of Removal/Deportation indicating Reinstatement of Prior Order is dated August 24, 2006. Dkt. #13-3, p.1.

Petitioner was paroled from the custody of the New York State Department of Corrections on September 5, 2006 and placed in the custody of ICE pursuant to the detainer and warrant of removal dated November 3, 1999. Dkt. #1.

Respondent sent a presentation packet to the Consulate General of Jamaica seeking a travel document to effectuate petitioner's removal on September 5, 2006. Dkt. #13-2, ¶ 11.

By letter dated September 13, 2006, petitioner asked the Consulate General of Jamaica not to issue travel documents to him because he was not a citizen of Jamaica. Dkt. #7, pp.34-35.

Petitioner filed a petition for review of the reinstated removal order and a claim of Unites States citizenship, along with a request for a stay of removal, before the United States Court of Appeals for the Third Circuit on October 30, 2006. Dkt. #1.

On November 6, 2006, the Jamaican Consulate advised that a travel document would not be issued for petitioner until the disposition of his petition in the Court of Appeals for the Third Circuit.  Dkt. #13-2, ¶ 13.

The Court of Appeals dismissed the petition as untimely by Order dated April 16, 2007.  Dkt. #5, ¶ 10 & p.51.

Thereafter, a representative from the Jamaican Consulate informed Respondent that a travel document would be issued for petitioner.  Dkt. ##13-2, ¶ 15 & 13-3, p.42.  Respondent scheduled petitioner's removal for April 23, 2007.  Dkt. #13-2, ¶ 15.

Petitioner filed a petition for rehearing by the Court of Appeals for the Third Circuit on April 22, 2007, which was rejected on procedural grounds on April 30, 2007.  Dkt. #7, pp.16-18.

On April 27, 2007, a representative from the Jamaican Consulate informed Respondent that the Consulate required additional time to investigate petitioner's nationality.  Dkt. #13-2, ¶ 16.

Respondent reviewed petitioner's custody status and issued a Notice to Continue Detention, dated June 6, 2007, advising petitioner that because of his criminal record; uncooperativeness in assisting with obtaining a travel document; and re-entry

into the United States with a passport which was fraudulently obtained, he was considered a flight risk and threat to the community.  Dkt. ##13-2, ¶ 17; 13-3, p.2.

On January 3, 2008, Respondent served petitioner with a Warning for Failure to Depart and provided him a list of actions he was required to take in order to assist Respondent in obtaining a travel document for his removal.  Dkt. ##13-2, ¶ 19 & 13-3, pp.11-13.   By letter dated January 7, 2008, petitioner advised Respondent that

> In response to your service of "Warning For Failure to Depart" attached, here is a copy of my birth certificate and expired passport as you had requested.  Also, I am sure you have a copy of my original birth certificate and original Social Security card in your file as they were give[n] to your department by the New York State Authority when I was release[d] into your department['s] custody.
>
> The fact that you are a deportation officer, I am sure that you are aware of the law pertaining to an individual who has a final order or removal and claims United States citizenship.
>
> * * *
>
> The material that your previous department (INS) had used to remove me to Jamaican [sic] in violation of my constitutional right is contained in your record.  Therefore, if you are having problem in obtaining a travel document for my behalf from the Jamaica [sic] Consulate, it is not because of the material, it is because the Jamaican Government had already determined that I am not a Jamaican Citizen. . . .
>
> Finally, as a result of neither [sic] the Immigration Judge nor the Board of Immigration Appeals has any authority over a constitutional claim, and until my claim to United States Citizenship is judicial [sic] decided, I actually careless [sic] what your file m[a]y reflect who you think I am.
>
> On the other hand, you could always file charges for illegal entry and false claim to U.S. Citizenship.

Dkt. #16, p.30.  Petitioner submitted a copy of the same birth certificate and passport which the Immigration Judge had determined to be fraudulent.  Dkt. #16, pp.36-39.

Petitioner filed another petition for rehearing with the Court of Appeals for the Third Circuit on January 8, 2008.

Respondent sent another presentation packet to the Consulate General of Jamaica on January 8, 2008.  Dkt. #13-2, ¶ 21; Dkt. #13-3, pp.14-41.

On February 6, 2008, petitioner moved to expedite a decision on his motion for summary judgment.  Dkt. #17.  In his affidavit in support of the motion, plaintiff affirmed that he "is still litigating his United States Citizenship claim in the United States Court of Appeals for the Third Circuit under Document #08-2201."  Dkt. #18, ¶ 7.  The Court granted the motion to expedite and directed the Repondent to supplement their response to petitioner's motion for summary judgment.  Dkt. #19.

By letter dated February 11, 2008, the Consulate General of Jamaica acknowledged receipt of petitioner's "most recent letter dated February 5, 2008" and advised petitioner that it would "continue to pursue this matter with Kingston in the hope that your case may be resolved satisfactorily to all concerned."  Dkt. #21, p.18.

On February 13, 2008, the Court of Appeals for the Third Circuit denied the petition for rehearing.  Dkt. #20, ¶ 5.

On February 21, 2008, petitioner filed a motion to reopen immigration removal proceedings with the Board of Immigration Appeals. Dkt. #20, ¶ 6. The Board of Immigration Appeals denied the motion on April 17, 2008. Dkt. #20, ¶ 6; Dkt. #20-2, pp.16-17.

Petitioner filed a petition for review of the BIA's denial of his motion to reopen with the Court of Appeals for the Third Circuit on April 25, 2008. Dkt. #20, ¶ 7.

On July 8, 2008, Respondent served petitioner with another Warning for Failure to Depart and provided him a list of actions he was required to take in order to assist Respondent in obtaining a travel document for his removal. Dkt. #20, ¶ 12; Dkt. #20-2, pp.5-7.

On July 14, 2008, Respondent notified petitioner the DHS had conducted a custody review and decided to continue his detention. Dkt. #20, ¶ 13; Dkt. #20-2, pp.1-2.

The Court of Appeals for the Third Circuit dismissed the petition for review on July 21, 2008. Dkt. #20, ¶ 8. Petitioner filed a petition for rehearing on August 4, 2008, which was denied on August 18, 2008. Dkt. #20, ¶ 8.

Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States on September 3, 2008. Dkt. #20, ¶ 9.

By letter dated October 10, 2008, petitioner informed the Deportation Officer as follows:

> In response to our last conversation on October 10 2008, attached is a copy of my birth certificate and expired passport as you had requested. However, if these are [sic] not the information that you were expecting, or it is still your position that I am not a United States citizen, then just as I had previously explained to Deportation Officer Earl DeLong, I suggests [sic] you exercise your prosecutorial authority and file charges for illegal entry and false claim to U.S. Citizenship.
>
> I will assure you that the evidence that was used by your previous administration (INS) in an administrative court to have me ordered removed to a country not of my birth, will not stand a chance under the rule of evidence in an [sic] federal courts.
>
> Therefore, until my claim to United State citizenship is judicial [sic] decided as guaranteed by the United States constitution, I would be very grateful if you stop insulting my intelligence, and stop treating me with indefinite detention . . ..

Dkt. #21, p.12.

The United States Supreme Court denied the petition for writ of certiorari on November 3, 2008.  See http://origin.www.supremecourtus.gov/docket/08-6123.htm.

According to ICE Deportation Officer Donald J. Vaccaro, Jr., "Jamaica regularly issues documents for the repatriation of its nationals." Dkt. #13-2, ¶ 22. According to statistical reports, Respondent successfully removed 1,364 aliens to Jamaica in Fiscal Year 2006. Dkt. #13-2, ¶ 22. However, ICE Deportation Officer George F. Scott affirms that

> As a result of [petitioner's] failure to provide information to assist with the verification of his identity, the Jamaican Consulate has stated that Jamaica will not issue a travel document until [petitioner's] identity is confirmed.

Dkt. #20, ¶ 10.  Deportation Officer Scott opines that the "only known obstacle to [petitioner's] release from [ICE] custody by his removal to Jamaica is [petitioner's] own failure to cooperate with [ICE] efforts to remove him to Jamaica."  Dkt. #20, ¶ 16.

## DISCUSSION AND ANALYSIS

### Jurisdiction

As an initial matter, the Court notes that it lacks jurisdiction over any claim petitioner may attempt to raise regarding his citizenship.  Such a claim was required to be brought before the Court of Appeals for the judicial circuit in which the Immigration Judge completed the proceedings within 30 days of the final order of removal.  8 U.S.C. § 1252 (b); *see Tam v. Dep't of Homeland Security*, No. 05-CV-473, 2006 WL 839425, at *2 (W.D.N.Y. Mar. 28, 2006)("review of nationality claims in the context of removal orders must occur, in the first instance, in the court of appeals.").

Petitioner defaulted his appeal for judicial review of the Immigration Judge's determination that he was not a United States citizen.  *See* Dkt. #00-3270 at https://ecf.ca3.uscourts.gov/cmecf.  Petitioner presented his claim of citizenship to the Court of Appeals for the Third Circuit again in 2006, but the Court of Appeals rejected his claim as untimely.  Dkt. #5, ¶10 & p.51.  Petitioner subsequently moved to reopen his immigration removal proceedings before the Board of Immigration Appeals and

appealed the denial of that motion to the Court of Appeals for the Third Circuit and the United States Supreme Court, which denied *certiorari*. Dkt. #20, ¶¶ 6-9 & Dkt. #20-2, pp.16-17.  This Court cannot circumvent those determinations.

As a result, the only issue properly before this Court is the propriety of petitioner's continued detention pending his removal.  *See* 28 U.S.C. § 2241(c)(3) (The writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States).

**Detention Pending Removal**

8 U.S.C. § 1231(a)(1)(A) provides that the Attorney General shall remove an alien from the United States within a removal period of 90 days from the date the order of removal becomes administratively final or, if the removal order is judicially reviewed and the court orders a stay of removal, the date of the court's final order.  The statute further provides that during the removal period, the Attorney General shall detain the alien.  8 U.S.C. § 1231(a)(2).  Furthermore, "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).

In the instant case, petitioner has obstructed Respondent's attempts to effectuate his removal by directing the Consulate General of Jamaica not to issue travel

documents to him and advising the Consulate General of Jamaica that he is not a citizen of Jamaica, causing Jamaica to investigate petitioner's nationality before deciding whether to issue travel documents for petitioner.  Dkt. #7, pp.34-35; Dkt. #13-2, ¶ 16.  Petitioner has repeatedly failed to cooperate with Respondent's requests to assist in obtaining travel documents and continues to reference fraudulent documents in support of his claim to United States citizenship, prompting Jamaica to advise Respondent that Jamaica will not issue a travel document until petitioner's identity is confirmed.  Dkt. #16, p.30; Dkt. #20, ¶ 10; Dkt. #20-2, pp.5-7 & Dkt. #21, p.12.  Respondent affirms that "Jamaica regularly issues documents for repatriation of its nationals" and opines that the only known obstacle to petitioner's removal to Jamaica is his own failure to cooperate.  Dkt. #20, ¶ 16.  Thus, petitioner's continued detention is authorized by 8 U.S.C. § 1231(a)(1)(C).  *See Powell v. Ashcroft*, 194 F. Supp.2d 209 (E.D.N.Y. 2002) (petitioner's false and conflicting representation concerning his identity and citizenship prevented his removal within the meaning of 8 U.S.C. § 1231(a)(1)(C) and precluded habeas corpus relief despite more than three years of detention).

Petitioner's reliance upon *Zadvydas v. Davis*, 533 U.S. 678 (2001), is misplaced.  In *Zadvydas*, the United States Supreme Court "addressed the plight of two aliens who, through no fault of their own, could not be removed from the United States" and determined that detention pursuant to 8 U.S.C. § 1231(a)(6), was limited to "'a period reasonably necessary to bring about the alien's removal.'"  *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003), *quoting Zadvydas*, 533 U.S. at 689.  However, the "risk of indefinite detention that motivated the Supreme Court's statutory interpretation in

*Zadvydas* does not exist when an alien is the cause of his own detention." *Id.* at 1060; *see Agbanyo v. Cabral*, 518 F. Supp.2d 326, 327 (D. Mass. 2007) (six month rule does not apply if the alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government). Thus, the petition must be dismissed. *See Agbanyo*, 518 F. Supp.2d at 328 ("Because the uncontroverted record evidence demonstrates that the petitioner has not only failed to cooperate, but has actively obstructed efforts to remove him, his petition must be dismissed.").

   Even if the analysis of *Zadvydas* was applicable, petitioner's claim would still lack merit. "[W]hen an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future." *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003); *see Pelich*, 329 F.3d at 1060. In any event, Respondent has submitted sufficient evidence to establish that it is likely that petitioner can be removed to Jamaica once his identity is established. *See Powell*, 194 F. Supp.2d at 232 (denying habeas petition where it was likely that petitioner could be removed once he provided accurate and complete information to Respondent). The Court notes, for example, that petitioner has previously been removed to Jamaica and, according to Respondent, Jamaica was set to issue another travel document in April of 2007, before petitioner filed a petition for rehearing with the Court of Appeals for the Third Circuit. Dkt. #5, p.40; Dkt. #13-2, ¶ 15 & Dkt. #13-3, p.42. Moreover, Jamaica has not determined that it will not issue a travel

document for petitioner, but has only indicated that it's investigation of petitioner's claim of lack of Jamaican citizenship continues to be investigated.  Dkt. #13-2, ¶ 16 & Dkt. #21, p.18.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the motion for summary judgment (Dkt. #9), be **DENIED** and that the petition be **DENIED**.

It is further ordered that certification pursuant to 28 U.S.C. § 1915(a)(3) be entered stating that any appeal from this Judgment would not be taken in good faith and therefore leave to appeal as a poor person should be denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).

Dated:      Buffalo, New York
            January     , 2009

                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**